IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|  |  |  |
|---|---|---|
| **CURTIS TYRONE MITCHELL** | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO.  1:04-CV-144 (RLH) |
| **RICKY HANES,** | : | |
| Defendant. | : | |

# O R D E R

  This is a § 1983 action brought by a former inmate/detainee at the Dougherty County Jail who is proceeding *pro se.* The defendant is the former Food Service Director for ABL Management, Inc., a company that at one time provided food services to the Dougherty County Jail.  Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment, the parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C. § 636(c)(3).

  Plaintiff, who is apparently an insulin dependant diabetic alleges in his unverified complaint and supplement thereto that he had special dietary needs due to his diabetes which were ignored by the defendant.  Plaintiff alleges that his repeated requests of the defendant to follow the restricted diet ordered for him by the jail medical staff were ignored.  Plaintiff further alleges that the defendant's failure to follow the restricted diet for him caused his blood sugar level to fluctuate which caused plaintiff to suffer a myriad of physical ailments.

  Presently pending herein is the motion for summary judgment filed by the defendant.  This motion is accompanied by a brief and the affidavit of the defendant.  Plaintiff has been given the required notice of the existence of the motion and of his right of respond in opposition to the granting of the of the motion.  That notice also advised him that his failure to respond to the motion might increase the chances of the motion being granted.  Although he was directed to

respond to defendant's motion of two occasions he has elected not to do so.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235 (11th Cir. 1992)(citing <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986)). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,323 (1986).

Being mindful that the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party, it is noted that the only evidence before the court is the affidavit of the defendant, Ricky Hanes. In his affidavit defendant testifies:

4.

> At no time has Affiant ever denied any inmate at the Dougherty County Jail any dietary need, including special diets for religious and/or medical reasons as approved by the County. Affiant has no knowledge whatsoever of Curtis Tyrone Mitchell or Douglas Carlton Marshall, and Affiant has no knowledge of any special dietary needs concerning these inmates while incarcerated at the Dougherty County Jail. At no time did Affiant or ABL receive any receive any requests for a special diet concerning Mr. Mitchell or Mr. Marshall. Per procedure at the jail, an inmate can file an internal grievance with the jail concerning dietary needs. At no time did
> Affiant or ABL receive any notice of any internal grievance procedure being utilized by either Mr. Mitchell or Mr. Marshall. Had Affiant received any specific request for dietary need, the same would have been addressed and acted upon by Affiant and ABL. Affiant had never received any notice of any problem with respect to Mr. Mitchell or Mr. Marshall prior to the filing of these lawsuits.

5.

> At no time has Affiant ever intentionally deprived an inmate of any dietary needs, and Affiant has never acted with conscious disregard of any dietary needs of any inmate.

Plaintiff has failed to rebut the above evidence in any manner. He has not responded to

defendant's motion.  There is nothing from the plaintiff for the court to consider other than the unsubstantiated allegations of the complaint and supplement thereto.  This, the plaintiff may not rely upon, he must present factual evidence creating a genuine issue of material fact or the defendant is entitled to summary judgment.  Defendant has supported his motion with evidence showing that he did not know the plaintiff and did not know of his special dietary needs.  A state actor cannot be deliberately indifferent to a serious medical need if he does not know that the need exists.  Here, the only evidence before the court is that defendant had no knowledge of plaintiff's need.  Defendant's motion for summary judgment is therefore **GRANTED.**

  **SO ORDERED**, this 11th day of September 2006.

                */s/ Richard L. Hodge*
                RICHARD L. HODGE
                UNITED STATES MAGISTRATE JUDGE